**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WENDY M. ALGUARD, | No. 15-35808 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-03083-TOR |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE and SONNY PERDUE, US Dept of Agriculture, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Argued and Submitted November 8, 2018
Pasadena, California

Before: RAWLINSON, MELLOY,** and HURWITZ, Circuit Judges.

Wendy M. Alguard appeals a summary judgment in this action challenging

the rejection by the Merit Systems Protection Board (the "Board") of her claim under

the Whistleblower Protection Act of 1989, 5 U.S.C. § 2302(b)(8). We review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

district court judgment de novo, and set aside a Board action only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir. 1993) (quoting 5 U.S.C. § 7703(c)).   We affirm.

1.   Alguard, an agricultural commodity grader, reported a private company's use of tainted food for school meals.  Shortly thereafter, the USDA cancelled its inspection contract with that company.  At approximately the same time, several other companies within Alguard's duty area ceased operations or substantially reduced their need for inspection services.  Alguard's duty station then eliminated three full-time grader positions; Alguard was the least senior grader.  The USDA offered Alguard a transfer to a site nearly 1000 miles away.  She refused the transfer, and the USDA terminated her employment.  After Alguard unsuccessfully raised a whistleblower claim in administrative proceedings, this suit followed.

2.   We assume *arguendo* that Alguard's disclosure was protected under the Whistleblower Protection Act.  The USDA must therefore prove by clear and convincing evidence that it would have taken the same action absent the disclosure. 5 U.S.C. § 1221(e)(2).  We analyze three factors in determining whether substantial evidence supports the determination by the Administrative Law Judge ("ALJ") that the USDA met that burden: (1) "the strength of the agency's evidence in support of"

its action; (2) "the existence and strength of any motive to retaliate"; and (3) "any evidence that the agency takes similar actions against" otherwise similarly situated non-whistleblowers. Duggan v. Dep't of Def., 883 F.3d 842, 846 (9th Cir. 2018) (adopting the test articulated in Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999)). Considering these factors and the record "as a whole," see id. at 847, we find the ALJ's denial of Alguard's whistleblower claim supported by substantial evidence.

a. On the first factor, the ALJ permissibly determined that Alguard was reassigned due to overstaffing and declining work. The demand for inspection services in the relevant geographic region had declined substantially even without the loss of the company whose misconduct Alguard reported. The agency relied on seniority in making reassignment decisions, and Alguard was the least senior of the graders. That Alguard's disclosure may have contributed to the decline in work is immaterial.

b. On the second factor, any motive of the USDA to retaliate against Alguard was weak at best. The ALJ considered all appropriate evidence, and reasonably concluded that because Alguard's disclosure was not directed at agency personnel, it was not likely to create a strong motive to retaliate.

c. On the third factor, we find no error in the agency's determination of the relevant geographic area or in its analysis of similarly situated non-whistleblowers.

A whistleblower need not fare *better* than similarly situated non-whistleblowers; she must only be treated the same as she would have been absent the protected disclosure.  <u>See</u> 5 U.S.C. § 1221(e)(2).

**AFFIRMED.**